E-FILED
Wednesday, 05 January, 2005 04:20:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| Mason Williams | CASE No. |
| Vs. Plaintiff | 05-1004 |
| Rodgon Walker | |

FILED

JAN - 4 2005

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Plaintiff's Rule To Show Cause AND

Request To Proceed As A Poor

Person

Comes Now The Plaintiff, Mason Williams # N73834 Acting Pro-Se And Pursuant To Rule 28 U.S.C. 1915 And Respectfully Moves This Honorable Court To Proceed As A Poor-Person And Show Cause:

1) The Plaintiff, Have Struck-out And An Order Have Be entered by The U.S. Court of Appeals For The Seventh Circuit Excluding The Plaintiff For Filing up until All The Filing Fees Have been Paid.

2) The Plaintiff, However Inform This Court of Said BAN And Apply under The Exception Clause Which Provides

3)    "

1. The 1975 Prison Litigation Reform Act Prohibits A Prisoner From Proceeding IN Forma Paupers If that Person has Previously brought three or More Federal court Actions or Appeals that were dismissed For lack of legal merit

"

The only Exception is in cases where AN Inmate Plaintiff is in imminent danger OF serious Physical injury"

Accordingly The Plaintiff, states in his Complaint That due to the suicidal Deaths occurring / occurred due to said Conditions He be Granted To Leave IN Forma Pauperis"

Respectfully submitted

By: Mason Williams

Mason Williams
# N 73834
P. O. Box 97
Pontiac IL 61764

December 30, 2004

STATE OF ILLINOIS )
                              )
County OF LIVINGSTON )


A. F. F. I. D. A. V. I. 7

I, MASON WILLIAMS # N-73834 being duly
Sworn That I deposes on my oath
As Follows:

1. That I do Not have Funds in
my Account

2. That I will Forward A copy
of my Trust Account AS Soon
As I Receive The same From the
Trust offIce.

3. That I Believe That The conditions
Are injurios And Place The Juvenant
under imminent DANGER.

4. That I File this Action in Good Faith
And Not to circumvent Any orders
From the seventh circuit.

                    Further The AFFIANT.
5. Relie onl Any Financial statements
That have been Filled in other cases

                                    I sayety Not Further
                                        A M willim
I, MASON WILLIAMS declare under Any Laws OF
Perjury The Furegoing is True. M williow

RECEIVED

JAN 4 - 2005

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

_Mason  Williams # N-73834_ )
                              )        8) DR. Angus. — Psych.
      Plaintiff               )        9) Dr. Kowalaski — Psych.
ON  Behalf OF himself And Thus)
similarly Situated.           )
      vs.                     )            Case No. __05-1004__
1) Rodger  Walker - Director  )
2) Guy  O. Pierce  Warden     )
Acting Assistant Warden - Melvin )
3) Assistant Warden Leibach   )
4) L.T. Brewer - Lieutenant   )        Individually  And  Officially
5) L.T. Benny  Dallas         )
6) Major  Kennady Defendant(s) )
7) Major  Davidson.           )

## COMPLAINT

☒    42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐    28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☒    Other  _Injunctive And Declaritive Relief_

_Please note: This form has been created for prisoners but can be adapted for use by non-prisoners._

Now comes the plaintiff, _Mason  Williams # N-73834_, and states as follows:

My current address is: _Pontiac Correctional center P.O. Box 99_
_Pontiac    IL. 61764_

The defendant _Rodger  Walker_, is employed as _Director  OF Illinois_
_Department  OF  Corrections_ at _1301 Concordia Court Springfield IL. 62706_

The defendant _Guy D. Pierce_, is employed as _Warden  At  The_
_Chief  Administrative office_ at _Pontiac Corr. ctr. P.o. Box 99 Pontiac IL. 61764_

The defendant _Assistant Warden_, is employed as _Warden  Melvin_
_Pontiac  corr. ctr._ at _P.o. Box 99 Pontiac IL. 61764_

The defendant _Leibach_, is employed as _Asst. Warden OFRE Ations_
The defendant Benny  Dallas is employed As Lieutentant
_____ at _____
The defendant L.T. Brewer is employed As Lieutentant. (revised 9/96)

(1)

• The defendant _MAjoR KeNNeDy_, is employed as _MAjoR_

_UNit MANAGeR_ at _PoNtiAc Corr. ctr. P.o. Box 99_

Additional defendants and addresses _MAjor DAVidsoN is employed As_

_"MAjoR" At THE NoRTH SeGregatin umit At PoNtiAc Corr.ctr._
_P.o Box 99 PoNtiAc IL. 61764. Dr. Kowploski is Directly_
_iN CHaRge OF MentAL HeaLth._
_Dr. ANGus is employed As MENtAl Psychiatrist At_
_PuNtiAc Corr. ctr. P.o. Box 99 PoNtiAc IL. 61764._

For additional plaintiffs or defendants, provide the information in the same format as above on a
separate page.

## LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved
in this case?          Yes     ☒          No ☐

If yes, please describe _OVER THE CouRse OF AN 10 YEAR Period THE_
_PlaiNtiFr have Filed NumeRous LAwsuits AgaiNsT I. O. O. C._

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Yes ☒          No ☐

C. If your answer to B is yes, how many?  _15_   Describe the lawsuit in the space below. (If there

is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same

outline.)

1. Parties to previous lawsuit:

Plaintiff(s)   _MasoN WilliAms # N-73834_

Defendant(s)   _All EMployees OF THE IlliNois DEPARtmENT_
_OF CoRRECtioN_

2. Court (if federal court, give name of district; if state court, give name of county)
_Will CouNTy, RandoLph, NortheRN, SoutheRN AND CENTRAL._

3. Docket Number/Judge   _Too NumeRous! Will FuRNish upoN Request._

2

4. Basic claim made  _CoNDitioN, PersoNAL INjuRy, Property ETC._

5. Disposition (That is, how did the case end.  Was the case dismissed?  Was it appealed?  Is it

still pending?)  _Majority DismiSSed, Settled, Dismissed_

6. Approximate date of filing of lawsuit  _From 1991 To 2004 (PresENT_

7. Approximate date of disposition  _UNKNOWN AT This Time, will FurNish_
_upoN REQuest._
_Fom (space AND Simplicity)_

For additional cases, provide the above information in the same format on a separate page.


EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.  Is there a grievance procedure available at your institution?  Yes ☒   No ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?  Yes ☒   No ☐

If your answer is no, explain why not  _PLaced iN AND Have Attached_

_All GrievANCes HEReto._

C.  Is the grievance process completed?   Yes ☒   No ☐

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY INCARCERATED PERSON*

*FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND*

*UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES.  PLEASE ATTACH*

*COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.*

_Exhibits No. Hereto AFFIXeD._

3

## STATEMENT OF CLAIM

Place of the occurrence _Pontiac Correctional Center Segregation_

Date of the occurrence _At All Times Relevant Hereto,_

Witnesses to the occurrence _Other inmates Simarily Situated_

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved. Do not give any legal arguments or cite cases or statutes.. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*
THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

Count I. : 1) The Plaintiff, Mason Williams # N-73834
[Herein After Plaintiff and Plaintiff Class]

Hereby Bring this action Pursuant To 28 U.S.C. § 1331 and 28 U.S. C. 1343 Seeking Declaritive And Injunctive Relief.

2) At All Times Relevant Hereto The Plaintiff is And was Housed in the Nonty Segregation Unit of The Pontiac Correctional Center.

3) The Plaintiff, Hereby Challenge the Conditions of his Confinement while Being Housed in Segregation

4) The Defendants Guy D. Pierce, Rodjon D. Walker have maintain Conditions that are an Deliberate Indifference to the Plaintiffs and the Plaintiffs Class Health and safety.

5) Said Conditions Are so wide-Spread that They have Become "Official Policy maintained to Subject The Plaintiff To Cruel And unusual Punishment.

6) The Defendant Rodger walker, Guy D. Pierce And Warden melvin, Warden Liebach major kennedy, Major Davidson, LT. Benny Dallas, LT. Brewer Executed this Policy, Custom, made by These "Cruel Conditions" that All of [them] were directly involved in them.

7) The Plaintiff And the Plaintiff Class maintains that Said Conditions Herein imposes An Significant "Hardship" on the Plaintiff And the Plaintiffs Class,

All defendants Act/Acted under Color of Law.

[Next - Page Please]

4

COUNT II : 8) THE PLAINTIFF AND THE PLAINTIFF CLASS STATES They ARE UNDER IMMINENT DANGER OF Serious Physical AND Psychological INJURY.

9) THE "PLAINTIFF" STATED BETWEEN MAY AND JUNE 2004 TWO OF PLAINTIFF's CLASS members HAVE Committed Suicide.

10) THE PLAINTIFF, STATES That THESE Conditions Complained OF HENEIN IS THE Proximate CAUSE AND OR CAN be REASONAbly have Attributed TO THESE INMATES DEATHS.

11) COUNT III. (Recreation Policy)
THE PLAINTIFF, STATED That he herewith STATED That the Recreation Policy maintained by the DEFENDANTS Violate THE PLAINTIFF's Eighth AND FOURTEENTH Amendment Rights AND THE PLAINTIFFS Right

12) To EQUAL PROTECTION, SEE EXHibit A AND A2 A3) THE PLAINTIFF Adopts THE FACTUAL ALLEGATIONS OF This EXhibit AND MAKE The SAME APart OF The Complaint.
(CLEANING MATERIALS)

13) COUNT IV : THE PLAINTIFF STATES The DEFENDANTS ARE AND HAVE DePrived the PLAINTIFF OF Adequate AND SuFFicient Cleaning materials by Failing To Provide Mop, Brooms, Cleanser, AND OR other item To Clean Toilets AND Floors, SINKS. SEE EXhibit NO. A2 - A3.

14) Clothes Line, COUNT V
THE PLAINTIFF(S) STATES That they ARE Subjected to cruel AND unusual Punishment by THE DEFENDANTS Arbitrary DENIAL OF THE PLAINTIFF To HANG ANY WET clothing IN their cells IF THE plaintiff Hang Anything IN his cell the Plaintiff is Subjected To Discipline. The PLAINTIFF Further Alleges that SAID Failure to Provide Clothing Lines Have LED To odors, mildew And unsanitary Living Conditions.
SEE Exhibit No. B

5

COUNT VI :    AUDIO/ VISUAL

15)    THE PLAINTIFF STATES THAT He is being denied his Rights And Privileges by Being denied Access To THE media And subjected To cruel And unusual Punishment

16)    THE PLAINTIFF class in THE EAST And WEST cell House Are Allowed To have And on Purchase Radio's And /or Televisions ( Audio / Visual )

17) THE PLAINTIFF is Being denied His Privileges And or Rights thereto due To his Assignment in THE " NORTH Cell- House, who Are Singled out For Harsher Treatment unequal treatment Simply Because of his Delegated Status OF Being Assigned To Another cell House, Although Those similarly situated OF Being in Segregation Status And Assigned To THE EAST-WEST And 2-4 Galleries OF THE North Cell House Receive Audio Visual Privileges,

18)    Together with the denial OR the Distribution of Newspaper or Magazines by the defendants Herein Violates the Plaintiff First, Eighth And Fourteenth Amendment To Due-Process And Equall Protection SEE Exhibit No. C C 2.

(6)

COUNT VII : PHONE-CALLS!

19) THE PLAINTIFF, HEREBY CHALLENGE THE DENIAL OF ACCESS TO COMMUNICATE WITH THE PLAINTIFFS FAMILY BY NOT BEING ALLOWED TO MAKE A PHONE-CALL BECAUSE OF HIS SEGREGATION STATUS.

20) THE PLAINTIFF, STATES THAT HE IS INDIGENT AND DO NOT HAVE THE MEANS TO COMMUNICATE WITH HIS FAMILY.

21) THE DEFENDANTS POLICY OF NOT ALLOWING INMATES IN SOLITARY CONFINEMENT TO MAKE PHONE SERVES NO LEGITIMATE PURPOSE AND VIOLATE THE "EQUALL PROTECTION" CLAUSE AND THE PLAINTIFF" EIGTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

21) THE PLAINTIFF, EQUALL PROTECTION CLAIM IS BASED ON THE FACT OTHER INMATES ARE ALLOWED TO MAKE PHONE-CALLS.

22) THE DEFENDANTS DO NOT HAVE AN LEGITIMATE POLICY AND/OR REASON TO DENIE THE PLAINTIFF AN PHONE-CALL.

17)

COUNT VIII

LAUNDRY SERVICES:

23) The Plaintiff stated that the Defendants have compelled the Plaintiff to wear the same jump-suite for the last six months.

24) The Plaintiff is force to wash his jump-suite in the Toilet, where the Defendants do not "Exchange Jump suites" on a weekly basis.

25) The Plaintiff states that the Defendants have an inadequate laundry facility, where the Plaintiff, laundry is picked up on Thursday(s) in the laundry "Sheets only" ( Jump-suites are not allowed in the laundry) are not brought back untill 24 hours later

26) The Plaintiff, further alleges that when the laundry is returned the laundry is unclean, missing out the bag and the Defendants consciously refuses to locate this alleged lost laundry, forcing the Plaintiff to sleep on a "bare mattress" and in an extreme cold environment without sheets or blankets.

27) The laundry policy and procedure is unconstitutional and inadequate and cause a significant hardship.

(8)

COUNT  VIV :

MENTAL HEALTH STANDARDS:

28) The Plaintiff states that Dr. Angus, and Dr. Kowalaski Failed to Reduce the Nurse level, And thereby Being "deliberate indifferent" to the plaintiff' serious mental Health Needs.

29) The Plaintiff Further states that The Psych staff is understaff And inadequately trained to Address the "Mental Health Needs of the inmates At the Pontioc Corr. cth. in the North segregation unit,

30) This understaffing And inadequate training led to the Death of Two-inmate who committed suicide.

31) The "Plaintiff class" continually Attemp suicide And Go-on suicide watch,

32) inmates continually Bang And Kick And Yell due to the oppressive conditions of segregation And the length of time they Are compelled to stay in solitary confinement

33) The Plaintiff have suffered severe Depression And Have went on Hunger Strikes And have continually been denied mental Health care by the Defendant Angus And Kowaloski,

(9)

INJURY TO THE COMPLAINT:

34) BECAUSE OF DEFENDANTS ACTIONS AS STATED HEREIN THE PLAINTIFF SUFFERED SEVERE HEAD ACHED, SLEEP DEPRIVATION, SKIN-RASH, STOMACH CRAMPS ATROPHY AND being CONSTANTLY DEPRESSED. BECAUSE OF THOSE CONDITIONS,

35) CAUSE OF ACTION

THE PLAINTIFF STATES A CAUSE OF ACTION PURSUANT TO THE ILLINOIS COMPLIED STATUES AND PURSUANT TO THE ILLINOIS ADMINISTRATIVE CODES AND ILLINOIS STATE CONSTITUTION

36) THE PLAINTIFF STATES A CAUSE OF ACTION PURSUANT TO THE UNITED STATES CONSTITUTION 1st 8th 14th AMENDMENTS,

37) ALL DEFENDANTS CAUSED THE PLAINTIFF TO BE DEPRIVED OF HIS RIGHTS AND PRIVILEGES.

ILLINOIS DEPARTMENT OF CORRECTIONS          037494   IVIJ
**COMMITTED PERSON'S GRIEVANCE**

| Date: June 1, 2004 | Committed Person: (Please Print) Melvin Williams | ID#: N-73234 |
|---|---|---|

| Present Facility: Pontiac C. C. | Facility where grievance Issue occurred: Pontiac Corr. Ctr. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Conditions

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is challenging the conditions of
his confinement while housed in the North segregation unit
of the Pontiac correctional center.
2) The grievant states in the last month 2 inmates
have died due to suicide and the administration
failure to provide adequate psychological assistance
and or personnel
3) The grievant states the conditions of North
segregation violates the Eighth and Fourteenth amendments
to the United States Constitution.

Relief Requested: _____  Continued on back
_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     ____/____/____
Committed Person's Signature      ID#          Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 6/4/04   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Rules of confinement are determined by laws
DOC rules, and administrative policies. I cannot change
these.

WSDE          Wade          6/8/04
Print Counselor's Name      Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____   Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
                                                                                    [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____     ____/____/____
Chief Administrative Officer's Signature      Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff. 10/2001)
                                                                      (Replaces DC 5657)
Printed on Recycled Paper

( Plaintiff's Exhibit No. A )

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

Recreation and that the staff of the North cell House don't allow inmates to be at their cell door, where the officer does not announce his/her presence the Grievant states that the policy is causing inmates to miss their assigned yard.

The Grievant states that inmates in segregation are confined 24 Hours a day and only allowed to go to yard once per week.

The Grievant states this constitutes cruel and unusual punishment where the Grievant states that the staff have shown an deliberate indifference to the Grievants Health and Safety.

The Grievant states that the staff is deliberately walking by inmates cells and not informing them they are eligible for yard.

Relief: The Grievant ask that the Recreation policy be reviewed and that the cages on the yard be removed for other inmates at other institutions are not put in cages.

Wherefore the Grievant also request that the staff be prohibited from skipping inmates cells when running yard.

That more yard time be allowed to inmates confined in segregation

Plaintiff's Exhibit A 2

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE (Continued)**

IN ORDER TO MITIGATE THE OPPRESSIVE CONDITIONS OF
North SEGregation AND to Prevent Further Deaths To
Inmates The Grievant Hereby Put Forth The Following
Proposal AND OR Suggestions:

Cleaning Materials:
Are
Not Adequate Where No-Mop and Broom Are Provided or
Cleaning SPONGES.

Recreation: ON any Given Day
The Segregation Officer who is designated to ASK
Inmates do they WANT To Go to the Yard, Intentionally
Walk by Inmates Cells AND do Not Stop at their
Door AND thereby depriving Inmates OF Their Recreation.
The SEGregation Cages ON The Recreation Area is
Extremely Too small, AND "Barbaric" that it seeks To separate
Inmates, who Should be allowed to Play - Sports, Notwithstanding
Not Enough Room For movement.

Drinking Cups: Inmates IN North Segregation do
Not have Cups To Drink out of The Dietary or unit
Manager Should Provide Drinking - cups.

Smoking:
Inmates Should be Provided smoking
Privileges, which can be Restricted due to
Excessive Noise, this is Accomplished by Allowing
Cell Houses To or designated Galleries AND/or
Any Inmate who is A Non-Smoker will be Given
A designated Non-Smoke Cell House, this will also
Provided Revenue For The State by Tobacco Sales.

Audio/Visual Equipment:
Inmates in North
Segregation Should be Allowed to have State Loans
AND or the Privilege to Buy Audio AND Visual
Equipment, this would Reduce The Noise Level and
other mis-conduct AND increase Revenue For the State.

Food Programs:
The Commissary Should Allow An
Limited Amount OF Snacks to be sold Subject to
Restriction.

Educational Programs: Teachers, Tutors Should be
Hired to give Inmates A chance to Get their G.E.D.
AND or other Skills Reduction of Segregation / Good-Time
Used As AN Reward.

Respectfully Submitted
By:

Printed on Recycled Paper

DOC 0046 (Eff. 10/2001)
(Replaces DC 3657)

Plaintiff Exhibit No. A3

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: _6 / 10 / 04_    Date of Review: _7 / 9 / 04_    Grievance # (optional) _037494_

Committed Person: _Williams_                    ID#: _N73834_

Nature of Grievance: _Grievant grieves the conditions of North Segregation unit, Audio/Visual, Shooting, School, recreation pods._

Facts Reviewed: _Grievant alleges the condition in North Seg are oppressive. Such as No-Smoking, recreation in Yard Pods, lack of State Loan T.V.'s, lack of Audio/Visual, lack of Educational Programs. Grievance Officer notes DR 504 which allows for No Smoking in Segregation, It also allows for cleaning materials to be available Weekly. DR504 allows forces the administration of Discipline which Grievant is in Yard Denial from 5-17-04 - 6-23-06, loss of privileges, Audio/Visual 6-4-04 - 8-29-05. Educational Programs are offered once out of Segregation Status which grievant is until 9-23-2039._

Recommendation: _Based on a review of all available information, Grievance Officer recommends grievance be denied as all allegations are found not substantiated and are followed according to DR 504._

_Smith_
Grievance Officer's Name
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _____    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

Chief Administrative Officer's Signature                    _7, 13, 04_
                                                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Mr. Williams N73834_                    _N73834_        _07, 23, 04_
Committed Person's Signature                    ID#              Date

_Sent to Springfield_
_7-25-04_        Page 1        _(Exh. bit No. A4)_

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

037955

| Date: 07-6-04 | Committed Person: (Please Print) Marion Williams | ID#: N-73834 |

| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: N.C.H. |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☒ Other (specify): Clothes Line
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ___/___/___
                        Date of Report        Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance:    The Corievant Stated The Warden
And The Unit Manager Fail To Allow
In Mates To Have Clothing Line Inside
Of their cells.
    The Corievant Stated That Inmates have
Wet clothing Such As Underwear Face
Towels And other items with No Place
To hang the same, If The Grievant
Construct A Clothing Line The Grievant
is subject To Disciplinary Action.

Relief Requested:    The Corievant is Respectfully Asking
The Warden To Construct Clothing Lines
Inside The Cells to hang Wet Clothing on.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature        ID#        Date

(Continue on reverse side if necessary)

[ PLAINTIFF'S Exhibit No. B ]

---

**Counselor's Response (if applicable)**

Date Received: 7/12/04    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
                                                                      Administrative Review Board, P.O. Box 19277,
                                                                      Springfield, IL 62794-9277

Response: Admin policy doesn't allow clothing lines in
cells. I cannot change this policy.

TWODK    _____    7/26/04
Print Counselor's Name        Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                                ☐ No; an emergency is not substantiated.
                                                                                Committed person should submit this grievance
                                                                                in the normal manner. Pontiac Corr. Ctr.
                                                                                                          Grievance Off.

_____    ___/___/___
Chief Administrative Officer's Signature        Date

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff. 10/2001)
                                                          (Replaces DC 5657)
                        Printed on Recycled Paper

## Grievance Officer's Report

**Date Received:** August 6, 2004          **Date of Review:** August 16, 2004          **Grievance #** (optional): 037955

**Committed Person:** Mason Williams                                        **ID#:** N73834

**Nature of Grievance:** Property. Administrative Policy. Williams believes that offenders should be allowed to hang clothing lines in their cells.

**Facts Reviewed:** Counselor Wade responded that Administratin does not allow this. This is correct.

**Recommendation:** This grievance is without foundation, and should be denied. Administrative directives dictate what property is allowed, or not.

Mark McNabb CCII

Print Grievance Officer's Name                                        Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** _____          ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Chief Administrative Officer's Signature                                        8-19-04
                                                                        Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Grievance, including ...

Committed Person's Signature                    ID#     Date
                    ative Officer's Name

PLAINTIFF'S EXHIBIT NO. B-2)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

**0 37956**

| Date: 07-6-04 | Committed Person (Please Print): MASON v William | ID#: N73834 |
|---|---|---|
| Present Facility: Pontiac Corr. Ctr. | Facility where grievance issue occurred: North House | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Audio Visual

- [ ] Disciplinary Report: ___/___/___
   Date of Report  /  Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: 1) The Grievant is hereby challenging the WARDEN And the Unit Manager of The North Cell House Denial of Audio Visual Simply Because I am Assigned To The North Cell House.

2) The Grievant Hereby challenge The Conditions of The North Cell House Where The Grievant is Not Provided with News-Papers or magazine While Confined in Segregation.

Relief Requested: To be Allowed to Have my Audio Visual equipment while Assigned To segregation AND be allowed To Purchase The Same.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Committed Person's Signature   ID#   Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7/12/04    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Newspapers/magazines are not available from the library for sex offenders. There are no TV's or radios in North House per Admin. policy.

T. Wood  _____  7/26/04
Print Counselor's Name   Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated.
Committed person should submit this grievance in the normal manner.

AUG 1 2004
Pontiac Corr. Off.
Grievance Off.

_____  ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

Printed on Recycled Paper

Plaintiff's Exhibit No. C

(Plaintiff's Exhibit Nocd — margin handwritten, rotated)

## Grievance Officer's Report

**Date Received:** August 6, 2004  **Date of Review:** August 16, 2004  **Grievance #** (optional): 037956

**Committed Person:** Mason Williams  **ID#:** N73834

**Nature of Grievance:** Property. Administrative Policy. Williams believes that offenders should be allowed to have magazines or newspapers provided to them in segregation, along with audio visual equipment.

**Facts Reviewed:** Counselor Wade responded that Administration does not allow this. This is correct. Institutional Administration has the authority to set limits on property allowed and/or provided to segregation residents.

**Recommendation:** This grievance is without foundation, and should be denied. Administrative directives dictate what property is allowed, or not.

Mark McNabb CCII
**Print Grievance Officer's Name**  **Grievance Officer's Signature**
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** _____  ☑ I concur  ☐ I do not concur  ☐ Remand

**Comments:**

_____
**Chief Administrative Officer's Signature**  8-19-04
**Date**

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____  N-73834  9-4-04
**Committed Person's Signature**  **ID#**  **Date**

037957

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 7-4-04 | Committed Person: (Please Print) MASON WILLIAMS | ID#: N73034 |
|---|---|---|

| Present Facility: Pontiac Corr. | Facility where grievance issue occurred: North Cell House |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☐ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☑ Other (specify): Recreation
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator   Cond. tions

☐ Disciplinary Report: _____/_____/_____
        Date of Report               Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: 1. The Grievant Hereby Challenges
The Recreation Policy of The North Cell House
2) The Grievant States That All All Tinion
Relevant Howto be is Assigned To The Seg Units.
Grievantes Hereby State That The North Cen
House have Constructed Cages And That
These Cages Restrict An inmates movement
On The Recreation Yard And is unsquall
3) The Grievant States That the Policy is
impeading on the Grievants Right To
(Cont. on Back)

Relief Requested: To have The Yard Policy Reviewed Where The
Grievant is being Denied Adequate Recreation

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   ___/___/___
Committed Person's Signature   ID#   Date

(Continue on reverse side if necessary).

---

**Counselor's Response (if applicable)**

Date Received: 7/12/04   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Yard time is an administrative policy yard offered to all offenders that are eligible.

T. Woods   _G.Woods_   7/26/04
Print Counselor's Name   Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
☐ No; an emergency is NOT substantiated. Committed person should submit this grievance in the normal manner. Pontiac Corr. Grievance Off.

_____   ___/___/___
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person        Page 1        DOC 0046 (Eff 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

PLAINTIFF'S EXHIBIT No. 0-1

RESPONSE TO COMMITTED PERSON'S GRIEVANCE

## Grievance Officer's Report

**Date Received:** August 6, 2004          **Date of Review:** August 16, 2004          **Grievance #** (optional): 037957

**Committed Person:** Mason Williams          **ID#:** N73834

**Nature of Grievance:** Recreation. Administrative Policy. Williams believes that offenders should be allowed to go to a "full" or non-caged yard. And that all segregation offenders be allowed to take yard at all times.

**Facts Reviewed:** Counselor Wade responded that Administration does not allow this. This is correct. Institutional Administration has the authority to allow only those offenders who are eligible for yard to have it. The use of the cages for yard has been approved by the state legislature.

**Recommendation:** This grievance is without foundation, and should be denied. Administrative directives apply. Williams has no grounds for a grievance.

Mark McNabb CCII

**Print Grievance Officer's Name**          **Grievance Officer's Signature**

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** _____     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

**Chief Administrative Officer's Signature**          8-19-04     **Date**

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

**Committed Person's Signature**          N73834 **ID#**          Sept. 7, 2004 **Date**

*(handwritten margin note, vertical:)* Plaintiff's Exhibit No. D-2

037958 NIDC

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 7-06 04 | Committed Person: (Please Print) MAson William | ID#: N73594 |

| Present Facility: Pontiac corr. ctr. | Facility where grievance issue occurred: North cell House |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify) Cleaning Materials

- [ ] Disciplinary Report: ___ / ___ / ___
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** The Grievant Hereby challenge The Policy of The North cell House Personal of Not Following The Rules And Regulations And Not Providing me with sufficient cleaning Materials To Clean Their cell.

I Am Not Given A Broom or Mop which is To clean my cell, Neither Am I Given Scouning Pads or A SPonge To clean my cell. This is Against The Rules And Regulations where This is Unsanitary.

**Relief Requested:** The grievant States That He Request That Sponges, Mops And Brooms be Passey out ON A Weekly Basis while in Segregation.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____
Committed Person's Signature          ID#          Date

*(Continue on reverse side if necessary)*

---

**Counselor's Response (if applicable)**

| Date Received: 7 12 04 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Cleaning supplies are passed out regularly. Mops and brooms are not allowed.

ThoOS                    _____    7 26, 04
Print Counselor's Name   Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

_____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

Printed on Recycled Paper

PLAINTIFF'S EXHIBIT No. 6

PLAINTIFF'S NO. G-2.

## Grievance Officer's Report

**Date Received:** August 6, 2004    **Date of Review:** August 16, 2004    **Grievance #** (optional): 0379.58

**Committed Person:** Mason Williams    **ID#:** N73834

**Nature of Grievance:** Sanitation. Williams grieves about getting cleaning supplies.

**Facts Reviewed:** Counselor Wade responded that cleaning supplies are handed out on a regular schedule. Not all cleaning tools are allowed. This is correct.

**Recommendation:** This grievance is without foundation, and should be denied. Administrative directives apply. Williams has no grounds for a grievance.

Mark McNabb CCII
_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** _____    ☒ I concur    ☐ I do not concur    ☐ Remand

**Comments:**

_____
Chief Administrative Officer's Signature

8-19-04
Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____
Committed Person's Signature

N-73834
ID#

09-3-2004
Date

| Date | Committed Person Name/Number | ID # |
|---|---|---|
| 05/21/01 | Williams, Mason | N73834 |

| Present Facility | Facility where grievance issue occurred |
|---|---|
| Menard Corr. Ctr. | Menard Corr. Ctr. |

**NATURE OF GRIEVANCE**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment
- [ ] Transfer Denial
- [ ] Ex-Transfer Coordinator
- [ ] Disability
- [ ] Other
- [ ] Where issued

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO, CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: The Grievant hereby challenges the conditions of this confinement while in segregation. The Grievant maintains that he is being denied an opportunity to make a phone call. Although confined in segregation, the Grievant states that he should still be allowed a phone call once a month to check on my family.

**[ EQUAL PROTECTION CLAIM ]**

The Grievant states that he is being denied the equal protection clause protection of being treated the same by the Warden Roger Cowan, and the Director Donald Snyder, where general population is still allowed the use of the telephone, but because of my status and on classification of segregation I am being denied the use of the phone, thereby being a member of a suspect class.

The Grievant states that I maintain that I should at least be allowed one phone call a month for apprx 15 minutes to 30 minutes to check on my family.

Relief Requested: That inmates in segregation be allowed to have one phone call per-month while in segregation.

*Attach additional papers if necessary.*

| COUNSELOR'S RESPONSE | |
|---|---|
| Date Received: 5-25-01 | |

Response: Records indicate that due to disciplinary problems this inmate has lost his phone privileges until 6-18-2033.

| Counselor: (signature) | D. Hennings | 5-25-01 |
|---|---|---|

- [ ] Outside jurisdiction of this facility, grievances which arose from a facility other than the committed person's present facility or incidental to transfers from the Transfer Coordinators Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

921

**GRIEVANCE OFFICER'S REPORT**

Date Received: 2/22/00                    Date of Review: _____        3/20/00

Committed Person: Mason Williams (N2-6-48)              Number: _____  N73834

Nature of Grievance: Staff Conduct, Job assignments (7B, 1A)

Facts Reviewed: All information submitted to the Grievance Officer by the inmate or institutional staff pertaining to the issue(s) ~~being grieved~~ has ~~been thoroughly reviewed.~~ Inmate grieves segregation inmates not being allowed to have a job assignments or be able to go to school programs and requests they be allowed to do so.

Counselor Hennrich stated working assignments and other programming will be made available to this inmate upon his release from segregation.

Recommendation: Disciplinary segregation inmates are not allowed the same privileges as inmates in General Population. ~~Work assignments are~~ given to inmates who demonstrate positive behavior. Books that assist in learning are available through the segregation satellite library in segregation. Inmate may request such from staff in segregation. ~~Grievance is denied.~~

Grievance Officer: _Mavis Wittenborn_                 Mavis Wittenborn
                        Signature                          Print Name

cc:   Inmate Williams

---

**CHIEF ADMINISTRATIVE OFFICER'S RESPONSE**

Date Received: 3/20/00        ☑ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

_Roger D. Cowan_                                    3/22/00
   Chief Administrative Officer                          Date

---

**COMMITTED PERSON'S APPEAL TO THE DIRECTOR**

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_Williams_                                          4/18/00
   Committed Person's Signature/Number                    Date

DC 5657          Copy: Original to the Master File          ADMINISTRATIVE REVIEW BOARD
IL 426-17343                                               1301 Concordia Court, P.O. Box 19277
                                                          Springfield, IL 62794-9277

Side 2

UJ1841 NIJL

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 7/6/04 | Committed Person: (Please Print) MAJOR WILLIAMS | ID#: N73824 |
|---|---|---|
| Present Facility: PONTIAC | Facility where grievance issue occurred: SEGrigation | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [x] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] Other (specify): LAundry Service
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Disciplinary Report: ___/___/___   _____
  Date of Report          Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance:   The GriéVANT Hereby ChAllEngES The Nortly cell House LAundry Procedunes And That They Are INsuFFiciént And Violate The ConviVANTS Constitutionac Rights And The Rules And Regulations, Which Provide That Inmates Should BE Allowed To Have A Weekly Change OF Clothing. The GriévANT States That The STAFF Here FAiling To Provide A Change OF Jump suites Violate This Rule. (Night-pace)

Relief Requested:   To have The LAundry Procedunes Reviewed And have Jump suites ChanGed And To have (Open on BoTH)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Committed Person's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7/7/04   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:   Jumpsuits can be exchanged every 90 days.

tNODE5   _____  7/21/04
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___   Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____  ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff. 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

Plaintiff's Exhibit No. 2 E

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 7/6/04 | Committed Person: (Please Print) MAJON WILLIAMS | ID#: N73824 |
|---|---|---|

Present Facility: Pontiac

Facility where grievance issue occurred: Segregation

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] Other (specify): Laundry Service

- [ ] Disciplinary Report: ___/___/___  
  Date of Report _____ Facility where Issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: The Grievant Hereby Challenges The North Cell House Laundry Procedures And That They Are Insufficient And Violate The Consultants Constitutional Rights And The Rules And Regulations, Which Provide That Inmates Should Be Allowed To Have A Weekly Change Of Clothing. The Grievant States That Staff Here Failing To Provide A Change Of Jump Suites Violate This Rule. (NEXT PAGE)

Relief Requested: To Have The Laundry Procedures Reviewed And Have Jump Suites Changed And To Have (Over On Back)

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  _____  ___/___/___
Committed Person's Signature   ID#        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____  _____  ___/___/___
Print Counselor's Name          Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____  ___/___/___
Chief Administrative Officer's Signature   Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

DOC 0046, Page 2

The Grievant State That When The Sheets Are Filled up They Are usually Re Turned un cleaned.

The Grievant Further states That The Laundry always Comes out The Bag Bag is Generally Loss or mis'placed.

This is An Every week occurrence by The Staff Failure To have A more Accountable Laundry Facility.

The Grievant states, When The Laundry Does Comes back it is usually un clean

(Constitutional Claim)

The Grievant states That These Policy And Proceedures of Not Washing The Jump suites And or Exchanging The Same Violate The Grievants Rights To have Cleaning material (Clothide) And Laundry Picke up on A weekly Basis.

That Failure To have An Preceedure That would Allow inmats To Have. Thein Laundry Returned All To ge Then Violate The Eighth Amen/ment.

Further Relief:

A new Laundry manager would be Hired, weekly change of Jumper suites,

That New Laundry Proceed unes be implemented That would Allow my laundry To Not be Lost And or stolen by The f.c. Workers Laundry Bags Passed out.

Respectfully submitted
By; [signature]

**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: _8_ / _28_ / _04_    Date of Review: _5_/_19_/_04_    Grievance # (optional): _03789 1_

Committed Person: _M. WILLIAMS_    ID#: _N-73834_

Nature of Grievance: _LAUNDRY SERVICES_

Facts Reviewed: Offender is grieving that staff fail to provide a change of jumpsuits and laundry is brought back uncleaned. A review of seg procedures indicate all offenders in seg status has the opportunity to have a weekly change of clean institutional clothes/jump suits, via institutional laundry. Each respective seg unit has laundry done on specific days of the week, in accordance with the current laundry schedules. Laundry is collected the night prior. All laundry that is collected is documented as offenders are issued laundry bags.

This grievance officer spoke to laundry supervisor who indicated the procedures are as stated in the seg procedures. If offender's laundry is not clean, he is not turning these into the laundry. If laundry is lost it's because bag was not tied tight enough. All workers are supervised.

Recommendation: Based upon all available information this grievance officer recommends this grievance be considered moot as his issues have been addressed

_R Herring_
**Print Grievance Officer's Name**

_B Deist_
**Grievance Office(s) Signature**

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _____    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments: _____

_[signature]_
**Chief Administrative Officer's Signature**    _8_,_23_,_04_
**Date**

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_M. Williams_
**Committed Person's Signature**    _N73334_
**ID#**    ___/___/___
**Date**

# Illinois
**Department of**
# Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 25, 2004

Mason Wiliams
Register No. N73834
Pontiac Correctional Center

Dear Mr. Wiliams:

This is in response to your grievance received on July 27, 2004, regarding Staff Conduct (North Seg. Conditions are oppressive), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report 037494 and subsequent recommendation dated July 9, 2004 and approval by the Chief Administrative Officer on July 13, 2004 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Gary Drawve
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Stephen D. Mote, Pontiac Correctional Center
       Mason Wiliams, Register No. N73834
       Chron. File

## Injunctive Relief:

1) The Plaintiff seeks an temporary and permanent injunction that any and all recreation restriction be removed from the Plaintiff and the Plaintiffs' class.

2) The "Plaintiff" seeks an temporary and permanent injunction that the Defendants remove the recreation cages, where said cages serve no penological interest.

3) That the Defendants supply the Plaintiff with mops, brooms, cleanser, scouring pads, toilet brushes to clean segregation cells on a weekly basis.

4) That the Defendants construct clothing lines inside the cell to hang wet clothing in an area consistent with security needs and prohibit writing disciplinary reports for making apparatus to hang clothing.

5) That all inmates be allowed to have their audio/visual equipment regardless of their status or cell location or in the alternative provide news-papers or magazines

INJUNCTIVE RELIEF :

6) That inmates in solitary confinement be allowed to make one phone call per month regardless of their grade status.

7) That the laundry service be improved to allow for a weekly change of clothing and that laundry be cleaned and said be returned the same day.

8) Fashion an mental health policy that will hire more employees to assist inmates with their mental health needs.

9) Fashion any injunctive relief this court deem just and appropriate.

Declartive Relief :

That the defendants action and ommissing stated here in violated the plaintiffs first, eight and fourteenth amendment rights to the constitution of the federal constitution and the constitution of the state of Illiznois.

## RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

MoNeTaRy DAMAGes:

WhereFoRe ThE PlawtiFF, PRay that This

HoNoRable couRT AwARd AttoRNey Fees PuRsuANt

to 42 u.S.C. 55 1988 And AwARd the PlaiNtiFF

CompeNSAtoRY, PuNitive, And NomiNAL DAMAGes

iN ThE AMouNT oF 5 millioN DollaRs ANd / or

ANy DAMAGes This HoNoRable CouRT DEEMs Just

And Appropriate.

JURY DEMAND                    Yes ☑                    No ☐

Signed this ___22Nd.___ day of ___DEcEmbeR___, 19 2004.

___Mor Williams___
*( Signature of Plaintiff)*

| Name of Plaintiff:<br> MASoN Williams | Inmate Identification Number:<br> N-73834 |
|---|---|
| Address: PoNtiac CorR. ctr.<br>    P.o. Box 99 | Telephone Number: |

PoNtiac IL. 61764