E-FILED
Wednesday, 19 January, 2005  09:50:52 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**Mason Williams,**
    **Plaintiff,**

    vs.                                                                 No. 05-1004

**Rodger, Walker, et al.,**
    **Defendants.**

## ORDER

The plaintiff, a state prisoner, has submitted a civil rights complaint under 42 U.S.C. § 1983 and he also filed a motion to proceed in forma pauperis. His case is currently set for a merit review hearing on February 10, 2005.

The plaintiff has filed his complaint on a standard §1983 complaint form. In the section that asks for previous lawsuits, the plaintiff has stated that he has filed numerous lawsuits, and "will provide a list of the same upon request of the court." (Comp.,p. 2)  The plaintiff chose not list the lawsuits despite specific instructions on the complaint form that state "[f]ailure to comply with this provision may result in summary dismissal of your complaint." Id.

The plaintiff does not mention in his complaint or his motion to proceed in forma pauperis mention that he has accumulated more than three strikes and is a restricted filer. (*See Williams v. Page*, 02-2205, Southern District of Illinois.)  Title 28, United States Code, Section 1915, provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The plaintiff's lawsuit could not reasonably be interpreted as posing an "imminent danger of serious physical injury."  Therefore, the plaintiff's motion to proceed in forma pauperis status is denied, d/e 1. In addition, the case will be dismissed.  The court agrees with the reasoning in *Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

Furthermore, until the plaintiff has paid in full the outstanding fees in all civil actions he has

filed, the clerk of the court will return unfiled all papers he tenders. *See Sloan*, 181 F.3d 857; *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS THEREFORE ORDERED:**

1. **The plaintiff's motion for leave to proceed in forma pauperis is denied, d/e 1.**
2. **As the plaintiff has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted and due to the plaintiff's failure to inform the court that he had "struck out" under 28 U.S.C. § 1915(g), his lawsuit is dismissed pursuant to 28 U.S.C. § 1915(g).**
3. **The clerk is directed to add the plaintiff's name to the list of plaintiff's with three strikes in the Central District of Illinois.**
4. **Until the plaintiff has paid in full the outstanding fees in all civil actions he has filed, the clerk of the court will return unfiled all papers he tenders. *See Sloan*, 181 F.3d 857; *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).**
5. **To ensure compliance with this order, the plaintiff is advised that he must comply with this order before he can file any new complaints in this district.**
6. **To ensure the plaintiff's compliance with this order, the clerk of the court is directed to document that the plaintiff is barred from filing any new complaints in this district until he complies with this order.**
7. **This order does not apply to criminal cases or habeas petitions challenging the terms of the plaintiff's confinement.**
8. **All remaining pending motions are rendered moot.**
9. **The February 10, 2005 conference is cancelled. The clerk of the court is directed to notify the plaintiff's place of incarceration and to cancel the plaintiff's writ, forthwith.**
10. **The plaintiff must still pay the full docketing fee of $150.00 even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff is FURTHER ORDERED to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**Enter this 18th day of January, 2005.**

                                            s/ Harold A. Baker
                                    **HAROLD A. BAKER**
                                    **U.S. DISTRICT JUDGE**